UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DENNIS ALAN NEAL AND JACQUELINE DIANNE NEAL<br><br>    Plaintiffs,<br><br>  v.<br><br>E-TRADE BANK, E-TRADE FINANCIAL CORPORATION, GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEM., INC. ETS SERVICES, LLC and DOES 1 through 100, inclusive<br><br>    Defendants.<br>_____ | Civ. No. S-11-0954 FCD/GGH<br><br>MEMORANDUM AND ORDER |

----oo0oo----

    This matter is before the court on the motions of defendants E-Trade Bank, E-Trade Financial Services, GMAC Mortgage, LLC ("GMAC"), Mortgage Electronic Registration System, Inc., ("MERS"), and ETS Services, LLC ("ETS") (collectively, "defendants"), to dismiss plaintiffs Dennis Alan Neal and Jacqueline Dianne Neal's ("plaintiffs") complaint pursuant to

1

Federal Rule of Civil Procedure ("FRCP") 12(b)(6).[1]

## BACKGROUND

Plaintiff originally brought this action against defendants in California State Superior Court for the County of Yuba, alleging violations of procedural due process under the Fifth Amendment of the United States Constitution, the Federal Fair Debt Collection Practices Act ("FDCPA"), and a number of corollary state law claims. (See Pls.' Compl. ["Compl."], filed Feb. 24, 2011, [Docket #11, Ex. A].) Defendants timely removed the case to this court pursuant to 28 U.S.C. § 1441(c) based on plaintiffs' federal claims under the FDCPA and the Fifth Amendment of the United States Constitution. (Defs.' Not. of Removal, filed Apr. 11, 2011, [Docket #1].)

Plaintiffs' claims are based upon a residential home loan transaction and the subsequent foreclosure of plaintiffs' home. (Compl. ¶¶ 11, 28-30.) Plaintiffs base the majority of their claims on the federal Home Affordable Modification Program ("HAMP"). Plaintiffs allege that defendants made material misrepresentations regarding a potential remodification of their home loan. (Id. ¶¶ 11-32.) Additionally, plaintiffs claim that defendants improperly went forward with foreclosure without any good faith attempt to negotiate with plaintiffs. (Id. ¶ 29.) All defendants have moved to dismiss the action for failing to state any claims upon which relief can be granted.

///

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

**STANDARD**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual

allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 129 S. Ct. at 1949.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Twombly</u>, 550 U.S. at 555; <u>Iqbal</u>, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 570).  Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. <u>Id.</u> at 1952.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."  <u>Id.</u> at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  <u>Id.</u> at 1950.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See <u>Mir v. Little Co. Of Mary Hospital</u>, 844 F.2d 646, 649 (9th

4

Cir. 1988); <u>Isuzu Motors Ltd. v. Consumers Union of United States, Inc.</u>, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**A.  Federal Fair Debt Collection Practices Act**

Plaintiffs' fourth claim for relief alleges violation of the Federal Fair Debt Collection Practices Act ("FDCPA"). (Compl. ¶¶ 58-65.)  Defendants move to dismiss plaintiffs' claim under the FDCPA, asserting they have failed to allege any facts which could constitute a violation of the FDCPA.  More specifically, defendants contend that plaintiff cannot state a claim because foreclosure does not constitute debt collection under the FDCPA.  (MTD at 10:5-15.)

Plaintiffs have failed to allege any facts which could constitute unfair debt collection.  In plaintiffs' opposition to the motion to dismiss, they contend that defendants violated California and federal debt collection laws by "using unconscionable means in an attempt to collect a debt." (Pls.' Opp'n., at 6:17-18.)  More specifically, plaintiffs argue that defendants violated the statute when they "proceeded to collect a debt from plaintiff by means of an 'end-run' or 'sneak' foreclosure." (Compl. ¶ 62.)  These allegations are simply conclusions of *law* which need not be accepted as true by this court.  <u>See</u> <u>United States ex. rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  The only allegation which plaintiffs make which could be construed as a debt collection practice is defendants' threatened foreclosure of plaintiff's home. (Compl. ¶ 62.)  However, "foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt

5

within the meaning of the FDCPA." <u>Izenberg v. ETS Services, LLC</u>, 589 F. Supp. 1193, 1199 (C.D. Cal. 2008) (<u>quoting</u> <u>Ines v. Countrywide Home Loans</u>, 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008)).

As such, defendants' motion to dismiss plaintiffs' claim for unfair debt collection under the FDCPA is GRANTED without leave to amend.

**B.   Procedural Due Process**

Plaintiffs contend that defendants violated their federal due process rights because "[t]hey engaged in a process for a HAMP loan modification with the expectation that defendants would follow and comply with the federal guidelines in place for HAMP." (Compl. ¶ 49.)  Moreover, Plaintiffs maintain that "[d]efendants are liable as state actors because their particular actions are 'inextricably intertwined' with those of the government in the administration of HAMP." (<u>Id.</u> ¶ 48.)

Here, plaintiffs' attempt to bootstrap HAMP to a procedural due process claim asserted against exclusively private entities is ineffectual. Indeed, plaintiffs, in their opposition, fail to address defendants' contention that plaintiff cannot state a viable due process claim.  On that basis alone, the court could grant the motion in defendants' favor; the court nonetheless discusses its findings.

In order to state a claim under the Due Process Clause, a claimant must show that some *government action* deprived him or her of life, liberty or property. <u>See</u> <u>Lugar v. Edmondson Oil Co., Inc.</u>, 457 U.S. 922, 937 (requiring that the allegedly offending person is a state actor, either "because he is a state

official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state.") "In order to apply the proscriptions of the Fifth Amendment to private actors there must exist a sufficiently close nexus between the government and the challenged action of the private entity so that the action of the latter may be fairly treated as that of the government itself." Rank v. Nimmo, 677 F.2d 692, 701 (9th Cir. 1982) (internal quotations omitted).

Plaintiffs' procedural due process claim falls short of permitting the court to infer a plausible connection among the private defendants and a government agency or official such that the private actions would constitute state action. The mere existence of a regulatory scheme which these private defendants must comply with cannot convert them into state actors. Such an analysis is inimical to the Due Process Clause. See Lugar, 457 U.S. at 936 ("As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments.") (internal quotations omitted)  Indeed, the Supreme Court has explicitly held that "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purpose of the Fourteenth Amendment." Jackson v. Metro. Edison Co., 419 U.S. 345, 350 (1974); see also Rank, 677 F.2d at 702 ("foreclosure by a private lender of a mortgage in a federal mortgage guaranty program does not involve federal action sufficient to invoke the due process clause of the Fifth

Amendment.")

Since plaintiffs cannot establish the requisite state action element, their second claim for relief under the Due Process Clause of the Fifth Amendment is dismissed without leave to amend.

**C.     Subject Matter Jurisdiction**

Jurisdiction is a threshold inquiry before the adjudication of any case before the court.  See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Without jurisdiction, this court cannot adjudicate the merits of this case or order any relief.  See id. ("If the district court had no jurisdiction over the subject matter, the action should have been dismissed, regardless of the parties' preference of an adjudication in federal court.").

On April 11, 2011, defendants removed this case to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1441(c) based on federal question jurisdiction.  (Defs.' Not. of Removal, filed Apr. 1, 2011, [Docket # 1].)  Plaintiffs' complaint alleges two federal claims: (1) violation of the Due Process Clause of the Fifth Amendment and (2) violation of the FDCPA.  (Compl. ¶¶ 47-52, 58-65.) However, as set forth above, these claims are properly dismissed without leave to amend.  Dismissal of these claims leaves the complaint devoid of any federal claims.  The remaining claims are state law claims for violation of California Business and Professions Code § 17200 et seq., the California Fair Debt Collection Practice Act, wrongful foreclosure, cancellation of deed, breach of contract, breach of the implied covenant of good

8

faith and fair dealing, negligence, fraud, and quiet title. (Compl. ¶¶ 35-46, 53-103.)

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims.  See Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).  The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity."  Id. at 1001 (citations omitted).  Further, primary responsibility for developing and applying state law rests with the state courts.  Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metro. Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("In the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (internal quotations and citations omitted).  As such, the court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims.

Accordingly, plaintiffs' complaint is REMANDED to the Superior Court of the State of California for the County of Yuba.

**CONCLUSION**

Plaintiffs' second and fourth claims for violation the Due Process Clause of the Fifth Amendment and the FDCPA are DISMISSED without leave to amend.  Plaintiffs' state law claims are REMANDED to the Superior Court of the State of California for the County of Yuba.

```
 1        IT IS SO ORDERED.
 2   DATED: August 25, 2011
 3                                   _____
                                     FRANK C. DAMRELL, JR.
 4                                   UNITED STATES DISTRICT JUDGE
```